IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL FREDERICK ANTHONY,<br><br>　　　　Debtor, | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:14-cv-647<br><br>Judge Robert J. Shelby |
| J&R INVESTMENT,<br><br>　　　　Appellant,<br><br>　　v.<br><br>MICHAEL FREDERICK ANTHONY,<br><br>　　　　Appellee. | |

　　　　Michael Frederick Anthony received a Chapter 7 discharge of his debts from the United States Bankruptcy Court for the District of Utah. J&R Investment sought in the bankruptcy court revocation of the discharge under 11 U.S.C. § 727, arguing that Mr. Anthony made a number of false oaths in his bankruptcy filings and withheld property from the bankruptcy estate. After a trial on the matter, the bankruptcy court issued a Memorandum Decision dismissing J&R Investment's claims. J&R Investment appeals from that Memorandum Decision. Exercising jurisdiction under 28 U.S.C. § 158(a), the court affirms.

1

## BACKGROUND

Michael Anthony ran a business named Freedom Storage and rented commercial storage space from J&R Investment. John and Rita Billinis operated J&R Investment when Mr. Anthony began renting the space. In 2005, the Billinises' children, Alex, Barbara, and Katherine, took over the company. Katherine reached an agreement with her siblings in which she received ownership of some of J&R Investment's real properties in exchange for her interest in the company. She used those properties to start two companies, E.Z. Storage, LLC and One Unit Investments, LLC.

In July 2006, J&R Investment sued Mr. Anthony for unpaid rent. In December 2007, the company obtained a judgment against Mr. Anthony for $169,743.74. The order was not certified until August 2010. While the litigation was pending, Katherine married Mr. Anthony and hired him to work as the property manager of E.Z. Storage and One Unit Investments. The couple eventually divorced. Katherine retained full ownership of E.Z. Storage and One Unit Investments, other real property that she received from J&R Investment, and a house in West Valley City. Mr. Anthony did not receive any real property in the divorce. He continued to work at One Unit Investments until May 2012 and still worked at E.Z. Storage at the time of the bankruptcy proceedings.

After J&R Investment served writs of garnishment on E.Z. Storage and One Unit Investments, Mr. Anthony filed for Chapter 7 bankruptcy. Mr. Anthony pursued the discharge pro se. The bankruptcy court issued Mr. Anthony a general discharge of debts on December 6, 2011. On December 4, 2012, J&R Investment filed this action, seeking revocation of the discharge under 18 U.S.C. 727(d). The bankruptcy court held a trial on the matter. Leading up to the trial, the parties submitted a Pretrial Order containing stipulated facts. In a Memorandum

Decision dated August 20, 2014, the bankruptcy court made findings of fact and conclusions of law, and dismissed J&R Investment's claims. J&R Investment now appeals the bankruptcy court's ruling.

J&R Investment focuses its appeal on several inaccuracies and misleading statements contained in Mr. Anthony's bankruptcy filings (i.e., Payment Advices Certification, Statement of Financial Affairs, and Bankruptcy Schedules) and tax returns, including:

- Mr. Anthony failed to list his income from Freedom Storage for 2009, 2010, and 2011;
- the yearly incomes listed in Mr. Anthony's bankruptcy filings conflict with the incomes listed in his tax returns; and
- Mr. Anthony failed to disclose that he received two $2,000 checks (one from E.Z. Storage, one from One Unit Investments) in the sixty days before filing his petition.

J&R Investment asserts that the inaccuracies and omissions, taken together, prove that Mr. Anthony made "false oaths" for purposes of 11 U.S.C. § 727. The company also contends that the bankruptcy court erred by suggesting that Roger Oliphant, Mr. Anthony's tax preparer, was responsible for the inaccuracies and omissions in the tax returns and bankruptcy filings. Lastly, J&R Investment argues that the bankruptcy court erred in finding that Mr. Anthony and Katherine did not have a profit-sharing arrangement.

# DISCUSSION

## I. STANDARD OF REVIEW

When reviewing a bankruptcy court's decision, the district court is "bound to accept the bankruptcy court's findings of fact unless they are clearly erroneous, but may examine its conclusions of law de novo."[1] "A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, [the reviewing court is] left with the definite and firm conviction that a mistake has been made."[2] The court is not to "weigh the evidence or reverse a finding because it would have decided the case differently."[3] Deference to the bankruptcy court's findings of fact is based on the notion that the fact-finder hears live testimony and has the opportunity to judge the credibility of witnesses.[4] In sum, "[a] bankruptcy court's factual determinations will not be disturbed on appeal absent 'the most cogent reasons appearing in the record.'"[5]

## II. REVOCATION

Chapter 7 of the Bankruptcy Code allows a debtor, upon meeting certain conditions, to receive a discharge of his debts. The general policy of Chapter 7 is to give debtors a "fresh start."[6] Revocation of a Chapter 7 discharge is "an extraordinary remedy,"[7] and the statutory

---

[1] *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir. 1988).

[2] *In re Miniscribe Corp.*, 309 F.3d 1234, 1240 (10th Cir. 2002) (quoting *In re Peterson Distrib., Inc.*, 82 F.3d 956, 959 (10th Cir. 1996)).

[3] *Bartmann*, 853 F.2d at 1543.

[4] *See, e.g.*, FED. R. CIV. P. 52; *United States v. Oregon State Med. Soc.*, 343 U.S. 326, 332 (1952); *United States v. Cope*, 676 F.3d 1219, 1225 (10th Cir. 2012); *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980); *United States v. Guebara*, 202 F.3d 283 (10th Cir. 2000).

[5] *Bartmann*, 853 F.2d at 1543 (quoting *Kansas Federal Credit Union v. Niemeier*, 227 F.2d 287, 291 (10th Cir. 1955)).

[6] In re *Jordan*, 521 F.3d 430, 433 (4th Cir. 2008); In re *Eckert*, 375 B.R. 474, 478 (Bankr. N.D. Ill. 2007).

[7] In re *Osborne*, 476 B.R. 284, 297 (Bankr. D. Kan. 2012); *see also* In re *Jordan*, 521 F.3d 430, 433 (4th Cir. 2008); In re *Kasden*, 209 B.R. 239, 241 (8th Cir. BAP 1997).

provisions governing revocation "must be construed strictly against the [plaintiff seeking revocation] and liberally in favor the Debtor."[8]

J&R Investment contends that the bankruptcy court erred when it dismissed the claims for revocation of discharge under 11 U.S.C. § 727(d)(1) and (d)(2).

### A. Section 727(d)(1)

J&R Investment contends that Mr. Anthony made false oaths within the meaning of 11 U.S.C. § 727(d)(1). The provision states:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under . . . [Section 727(a)] . . . if--
>
> > (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge . . . .[9]

Section 727(a)(4)(A) establishes that a court must grant a debtor a discharge unless the "debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account."[10] To succeed on a revocation claim, the statute requires a plaintiff to show that the debtor knowingly and fraudulently made a material false oath.[11] "A debtor will not be denied discharge if a false statement is due to mere mistake or inadvertence. Moreover, an honest error or mere inaccuracy is not a proper basis for denial of discharge."[12] Courts have also found that ignorance of the law or carelessness is not grounds for revocation.[13] On the other hand, reckless

---

[8] In re *Osborne*, 476 B.R. at 297.
[9] 11 U.S.C. § 727(d)(1).
[10] *Id.* at § 727(a)(4)(A).
[11] In re *Butler*, 377 B.R. 895, 922 (Bankr. D. Utah 2006).
[12] In re *Brown*, 108 F.3d 1290, 1295 (10th Cir. 1997).
[13] In re *Heil*, 289 B.R. 897, 903 (Bankr. E.D. Tenn. 2003) (quoting In re *Trost*, 164 B.R. 740, 744 (Bankr. W.D. Mich. 1994)).

indifference to the truth often has "been treated as the functional equivalent of fraud for purposes of § 727(a)(4)(A)."[14]

A plaintiff seeking revocation of a discharge has the burden of proof.[15] If the plaintiff makes a prima facie showing that raises "a reasonable inference of the debtor's intentional fraud, the burden shifts to the debtor to provide a cogent explanation for the omissions or misstatements."[16] The burden shifting does not vitiate the plaintiff's ultimate burden of persuasion.[17] This goes toward the well-established proposition that revocation of a Chapter 7 discharge is an extraordinary and harsh remedy, and that Section 727 should be construed against the plaintiff seeking revocation and in favor of the debtor.[18] The burden therefore remains with the plaintiff.

J&R Investment contends that the bankruptcy court erred in concluding that it—as the plaintiff seeking revocation—had the ultimate burden of persuasion. But retaining the ultimate burden neither enhances a plaintiff's prima facie burden nor lessens a debtor's burden. If the plaintiff meets its prima facie burden, the burden shifts and the debtor must explain the inaccuracies and omissions. The plaintiff has the opportunity and the burden to controvert the debtor's explanation. If the plaintiff successfully does so, revocation is more likely to occur. If the plaintiff fails to do so, the debtor is more likely to fend off revocation. In any event, the plaintiff has the ultimate burden to prove its revocation claim.

---

[14] In re *Butler*, 377 B.R. 895, 922 (Bankr. D. Utah 2006) (quoting In re *Tully*, 818 F.2d 106, 112 (1st Cir. 1987)).
[15] FED. R. BANKR. P. 4005.
[16] In re *Arbaney*, 345 B.R. 293, 307 (Bankr. D. Colo. 2006); *see also American Nat. Bank of Denver v. Rainguet*, 323 F.2d 881, 882 (10th Cir. 1963); *Johnson v. Bockman*, 282 F.2d 544, 545 (10th Cir. 1960); *Jones v. Gertz*, 121 F.2d 782, 783 (10th Cir. 1941); In re *Butler*, 377 B.R. 895, 915 (Bankr. D. Utah 2006).
[17] *See, e.g.*, FED. R. BANKR. P. 4005; In re *Sieber*, 489 B.R. 531, 544 (Bankr. D. Md. 2013)In re *Poffenberger*, 471 B.R. 807, 815 (Bankr. D. Md. 2012) In re *Gardner*, 384 B.R. 654, 663 (Bankr. S.D.N.Y. 2008); In re *Butler*, 377 B.R. 895, 915 (Bankr. D. Utah 2006); In re *Mayo*, 94 B.R. 315, 322 (Bankr. D. Vt. 1988).
[18] *See* In re *Jordan*, 521 F.3d 430, 433 (4th Cir. 2008); In re *Kasden*, 209 B.R. 239, 241 (8th Cir. BAP 1997); In re *Osborne*, 476 B.R. 284, 297 (Bankr. D. Kan. 2012).

### 1. Prima Facie Case

#### i. Review of Factual Findings

To make a prima facie showing, a plaintiff must put forth evidence that raises "a reasonable inference of the debtor's intentional fraud."[19] J&R Investment contends that the parties' Pretrial Order was sufficient to establish a prima facie showing that Mr. Anthony made several false statements in his bankruptcy filings that give rise to an inference of fraud. "Factual assertions in . . . pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them."[20]

J&R Investment contends that the bankruptcy court made factual findings contrary to the stipulated facts in the Pretrial Order. In its brief, J&R Investment included a section entitled "All of The Bankruptcy Court's Findings Which Are Contrary To The Pretrial Order, Uncontroverted Facts Are Clearly Erroneous As A Matter Of Law." Under the heading, J&R Investment points to no specific factual findings and contends that the bankruptcy court erred by failing to incorporate into its Memorandum Decision the undisputed facts from the Pretrial Order. J&R Investment also contends in a separate section of its brief that the bankruptcy court's findings related to Mr. Anthony's failure to disclose payments were contrary to the Pretrial Order.

The bankruptcy court acknowledged in its Memorandum Decision that Mr. Anthony admitted he received but did not disclose two payments in the required reporting period of sixty days before the bankruptcy filing. In addition, the bankruptcy court made factual findings regarding Mr. Anthony's explanation as to why he did not disclose them. The additional findings concerning Mr. Anthony's explanation were not contrary to the stipulated facts in the Pretrial

---

[19] In re *Arbaney*, 345 B.R. at 307.
[20] *Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the Law v. Martinez*, 561 U.S. 661, 716 (2010) (quoting *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)); *see also Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1197 (2013).

Order. J&R Investment cites no case law stating that a fact-finder cannot make additional findings beyond the factual assertions in a pretrial order. Although the facts in a pretrial order are part of the record, they are not the entire record. And J&R Investment points to no specific factual findings that contradict the Pretrial Order. The court concludes that the bankruptcy court's findings of fact were not clearly erroneous.

### ii. Review of Conclusions of Law

The question whether the factual record supports the conclusion that J&R Investment carried its prima facie burden is separate from the question whether the bankruptcy court's factual findings contradicted the Pretrial Order. The latter question regarding fact finding is reviewed for clear error; the former question regarding conclusions of law is reviewed de novo.[21]

The Pretrial Order includes a number of stipulated facts describing inaccuracies and omissions in Mr. Anthony's bankruptcy filings. For example, the Order states that Mr. Anthony failed to disclose business income from Freedom Storage. In particular, Mr. Anthony failed to list the income he received from Freedom Storage in 2009, 2010, and 2011. The Order also states that Mr. Anthony did not disclose lawsuits against him and that the income listed in his bankruptcy filings was inconsistent with the income listed in his federal tax returns. Moreover, the Order states that Mr. Anthony received two $2,000 checks that he failed to disclosed in the Payment Advices Certification. Considering the multiple inaccuracies and omissions, the court concludes that J&R Investment made a prima facie showing that Mr. Anthony made false oaths. Mr. Anthony's repeated failure to provide accurate and complete information at least raises an inference that he engaged in intentional fraud.

---

[21] *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir. 1988).

Although the bankruptcy court found that J&R Investment failed to make a prima facie showing, its analysis did not end there.  The bankruptcy court also considered whether Mr. Anthony put forth a cogent explanation for the misstatements in his filings, and concluded that Mr. Anthony credibly testified that any inaccuracies or omissions were the product of mistake or ignorance.  In other words, the bankruptcy court concluded that J&R Investment's claim failed on alternative bases.  For the reasons stated below, the court concludes that the bankruptcy court committed no err in finding that Mr. Anthony's filings were not fraudulent.  Thus, any error in finding that J&R Investment did not meet its prima facie burden was harmless.

### 2. Mr. Anthony's Explanations

Mr. Anthony failed to make accurate and complete disclosures in multiple bankruptcy filings.  Because J&R Investment made a prima facie showing, the burden shifts to Mr. Anthony to "provide a cogent explanation for the omissions or misstatements."[22]  At trial, the bankruptcy court concluded that the inaccuracies and omissions were not fraudulent, but were a product of "genuine ignorance, ineptitude, and confusion."  In reviewing the bankruptcy court's factual findings regarding Mr. Anthony's explanations, the court emphasizes the deferential standard of review.[23]  The bankruptcy court conducted the trial and, as the fact-finder, was able to assess the credibility of the witnesses.  In view of this, the court defers to the bankruptcy court's factual findings absent "the most cogent reasons" to disturb them.[24]  The court takes up Mr. Anthony's explanations and J&R Investment's arguments in turn.

---

[22] In re *Arbaney*, 345 B.R. 293, 307 (Bankr. D. Colo. 2006); *see also American Nat. Bank of Denver v. Rainguet*, 323 F.2d 881, 882 (10th Cir. 1963); *Johnson v. Bockman*, 282 F.2d 544, 545 (10th Cir. 1960); *Jones v. Gertz*, 121 F.2d 782, 783 (10th Cir. 1941); In re *Butler*, 377 B.R. 895, 915 (Bankr. D. Utah 2006).

[23] *See, e.g.*, FED. R. CIV. P. 52; *United States v. Oregon State Med. Soc.*, 343 U.S. 326, 332 (1952); *United States v. Cope*, 676 F.3d 1219, 1225 (10th Cir. 2012); *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980); *United States v. Guebara*, 202 F.3d 283 (10th Cir. 2000).

[24] *Bartmann*, 853 F.2d at 1543 (quoting *Kansas Federal Credit Union v. Niemeier*, 227 F.2d 287, 291 (10th Cir. 1955)).

First, Mr. Anthony failed to list his income from Freedom Storage in 2009, 2010, and 2011. In his Statement of Financial Affairs, Mr. Anthony listed Freedom Storage as a defunct *dba*, but did not list its income. The bankruptcy court found that Mr. Anthony credibly testified that he was confused and did not include income from Freedom Storage because he was no longer receiving an income from the company. J&R Investment contends that the transcripts of Mr. Anthony's tax returns for 2009 through 2012 prove that Mr. Anthony operated Freedom Storage until 2012. However, the bankruptcy court found that the transcripts do not indicate as much and there is no cited record evidence to controvert that finding.

Second, J&R Investment points to inconsistencies between Mr. Anthony's tax returns and his bankruptcy filings. The bankruptcy court found that Mr. Anthony and Katherine Billinis credibly testified about "their general practice of providing information to their accountants and then basically washing their hands of their tax returns." Further, the bankruptcy court acknowledged its wariness of "self-serving denials and feigned ignorance," but found that discrepancies and omissions in Mr. Anthony's tax returns and bankruptcy filings were a result of ignorance and confusion.

Third, Mr. Anthony received two payments in the sixty days before the petition date and did not disclose the payments in the Payment Advices Certification. He received two $2,000 checks, one from E.Z. Storage and one from One Unit Investments. The checks had no accompanying pay stubs. The bankruptcy court found that Mr. Anthony credibly testified that he did not know that the checks constituted payment advices and one of the checks was meant as a wedding gift from Katherine to Mr. Anthony's daughter. Further, there was no evidence that Mr. Anthony possessed or controlled any of the funds as of the petition date.

Fourth, J&R Investment argues that the bankruptcy court erred in suggesting that Mr. Anthony's tax preparer, Roger Oliphant, was somehow responsible for the inaccuracies in the tax returns and bankruptcy filings. J&R Investment contends that Mr. Oliphant could not have prepared the tax returns or bankruptcy filings at issue because he died in 2010. But J&R Investment does not specify how the bankruptcy court suggested that Mr. Oliphant was to blame for the inaccuracies. Although the bankruptcy court's Memorandum Decision refers to Mr. Anthony's accountant, the identity of the accountant is unclear. At bottom, there is no firm basis to conclude that factual findings related to Mr. Oliphant, if any, were clearly erroneous.

Fifth, J&R Investment contends that Katherine and Mr. Anthony had a profit-sharing arrangement. The bankruptcy court determined that the record evidence did not conclusively support a finding that Katherine and Mr. Anthony were sharing profits, finding that Katherine credibly testified that she paid Mr. Anthony as she "saw fit based on the net profits for the month." These findings supported the bankruptcy court's conclusion that Mr. Anthony was an independent contractor or a salaried employee of E.Z. Storage and One Unit Investments, not an owner.

### 4. Conclusion

Although Mr. Anthony's bankruptcy filings and tax returns contained inaccuracies and omissions, the bankruptcy court found that the inaccuracies and omissions were a result of confusion, mistake, ignorance, and ineptitude. J&R Investment asserts that mere quantity of inaccuracies and omissions indicates that Mr. Anthony knowingly and recklessly made false oaths. Put differently, J&R Investment argues that the fact Mr. Anthony made repeated inaccurate statements and omissions in his filings indicates that the bankruptcy court committed clear error in each of its specific factual findings related to Mr. Anthony's explanations. The

bankruptcy court was aware of Mr. Anthony's repeated mistakes and omissions, considered Mr. Anthony's explanations regarding the specific mistakes and omissions, and found that Mr. Anthony did not engage in fraud. In the end, the court is not left with a definite and firm conviction that a mistake has been made. What's more, the court is left with no basis to conclude that the harsh and extraordinary remedy of revocation is warranted. The bankruptcy court's dismissal of J&R Investment's claim under Section 727(d)(1) is affirmed.

### B. Section 727(d)(2)

Section 727(d)(2) provides a claim for revocation if "the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee."[25] The bankruptcy court concluded that this Section reaches only property that a debtor acquires after filing his petition.[26] J&R Investment argues that the Section applies to property obtained both before and after discharge.

J&R Investment's claim for revocation under Section 727(d)(2) fails under either interpretation. If the Section applies only to property acquired postpetition, the claim fails because J&R Investment did not prove that Mr. Anthony acquired or became entitled to any estate property after he filed his petition. If the Section applies to property obtained prepetition, the claim fails because J&R Investment has failed to prove that Mr. Anthony acted fraudulently. As stated, the bankruptcy court did not commit clear error in finding that Mr. Anthony did not knowingly or fraudulently make omissions in his bankruptcy filings. Thus, the court affirms the bankruptcy court's dismissal of J&R Investment's claim under Section 727(d)(2).

---

[25] 11 U.S.C. § 727(d)(2).
[26] In support of this proposition, the bankruptcy court cited In re *DaMaia*, 217 F.3d 838 at *2 (4th Cir. 2000) (unpublished).

## CONCLUSION

For the reasons stated, the judgment of the bankruptcy court is AFFIRMED. The court directs the Clerk of Court to close the case.

SO ORDERED this 23rd day of September, 2015.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge